UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. SULLIVAN, | ) | 1:12-cv-01662-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR COURT HEARING |
| | ) | (Doc. 24.) |
| vs. | ) | |
| | ) | ORDER INFORMING PLAINTIFF THAT HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE |
| M. D. BITER, et al., | ) | |
| | ) | |
| Defendants. | ) | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |
| | ) | |

**I.   BACKGROUND**

Michael J. Sullivan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on June 28, 2012 at the U. S. District Court for the Northern District of California. (Doc. 1.) On October 9, 2012, the case was transferred to the Eastern District of California. (Doc. 6.)

On November 19, 2012, Plaintiff filed a notice to the court concerning his motion for preliminary injunctive relief filed on August 28, 2012. (Doc. 20.) Plaintiff also requested the court to substitute names for the Doe Defendants listed in the complaint. Id. On February 3, 2012, Plaintiff filed a motion for a court hearing to resolve his motion for preliminary injunctive relief,. (Doc. 24.)

1

## II. REQUEST FOR HEARING

Plaintiff requests a court hearing to resolve the motion for preliminary injunctive relief he filed on August 28, 2012. Plaintiff is advised that his motion for preliminary injunctive relief was terminated by the Northern District when the case was transferred. The Northern District's transfer order, issued on October 9, 2012, provides that "[t]he Clerk shall terminate any pending motions and transfer the entire file to the Eastern District of California." (Doc. 16:24-25.) Because Plaintiff's motion for preliminary injunctive relief was pending when the transfer order was issued, the motion was terminated before the case was transferred to the Eastern District. Therefore, Plaintiff's motion is not pending at this court, and the request for a court hearing shall be denied. For consideration of his motion for preliminary injunctive relief, Plaintiff must file a new motion at this court.

## III. REQUEST TO AMEND COMPLAINT

Plaintiff also seeks to amend the complaint to substitute names for his Doe Defendants. Plaintiff may not add information piecemeal to the complaint. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Under Rule 220, then, Plaintiff cannot amend the original complaint simply by requesting the court to make changes in the complaint. As a general rule, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Therefore, to amend the complaint, Plaintiff must submit a First Amended Complaint which is complete in itself.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy,

2

625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after June 28, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 28, 2012. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a court hearing is DENIED;
2. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:12-cv-01662-AWI-GSA-PC, and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
6. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   February 7, 2013            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE