# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. SULLIVAN,

      Plaintiff,

vs.

MATTHEW CATE, et al.,

      Defendants

Case No. 1:12 cv 01662 AWI GSA PC

ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

## I.      Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2 1915(e)(2)(B)(ii).

3 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

5 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

6 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

7 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

8 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

9 liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

10 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

11 supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

12 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

13 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

This action proceeds on the March 7, 2013, first amended complaint.  Plaintiff, an inmate

in the custody of the California Department of Corrections and Rehabilitation  (CDCR) at Kern

Valley State Prison, brings this civil rights action challenging the conditions of his confinement.

Specifically, Plaintiff is claiming that he is subjected to inadequate medical care such that it

violates the Eighth Amendment prohibition of cruel and unusual punishment.  Plaintiff names the

following defendants: CDCR Secretary Matthew Cate; Medical Receiver J. Clark Kelso; Y.

Aguila and M. Shea, Medical Receiver staff; Kern Valley State Prison Warden M. Biter; Dr.

Sherry Lopez, M.D.; Dr. Patel. M.D.; Dr. Marchiano, M.D.

Plaintiff's allegations relate to medical care generally at Kern Valley State Prison and the CDCR system as a whole.  Plaintiff alleges various "systemic deficiencies" in the medical care system.  Plaintiff alleges that these deficiencies have "made it impossible for this plaintiff and all inmates to have access to and actually receive constitutionally adequate medical care."

Regarding his medical condition, Plaintiff alleges that he suffers from spine and neck related disabilities, and that Defendants "have consistently denied Plaintiff necessary medications that have been previously ordered by outside specialist and have interfered with treatment and medicine once provided."  Plaintiff also alleges that Defendants' conduct has affected his mental health.

A.   **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious

1    medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766

2    F.2d 404, 407 (9th Cir. 1985)).

3          Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth generalized

4    allegations regarding his health care, and names individual defendants.  To state a claim under

5    section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2)

6    the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County

7    of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a

8    constitutional right, where that person 'does an affirmative act, participates in another's

9    affirmative acts, or omits to perform an act which [that person] is legally required to do that

10   causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th

11   Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite

12   causal connection can be established not only by some kind of direct, personal participation in

13   the deprivation, but also by setting in motion a series of acts by others which the actor knows or

14   reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting

15   Johnson at 743-44).  Plaintiff may not hold any defendant liable by alleging deficient medical

16   care in general, and then naming individual defendants.  Plaintiff must charge each individual

17   defendant with specific conduct that constitutes deliberate indifference.

18         Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to

19   hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

20   that defendant is employed and in what capacity, and explain how that defendant acted under

21   color of state law.  Plaintiff should state clearly, in his or her own words, what happened.

22   Plaintiff must describe what each defendant, *by name*, did to violate the particular right described

23   by Plaintiff.   Plaintiff has failed to do so here.

4

1

2

**B.** **Supervisory Defendants**

3      Further, Plaintiff names defendants that are employed in a supervisory capacity.

4

Government officials may not be held liable for the actions of their subordinates under a theory

5
of respondeat superior.  Ashcroft v. Iqbal , 556 U.S. 662, 673 (2009).  Since a government

6
official cannot be held liable under a theory of vicarious liability for section 1983 actions,

7 Plaintiff must plead that the official has violated the Constitution through his own individual

8
actions.  Id. at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must

9
link each named defendant with some affirmative act or omission that demonstrates a violation

10

of Plaintiff's federal rights.   Plaintiff has not done so here.

11

12     **C.** **Plata Class Action**

13      In his complaint, Plaintiff refers to a failure to comply with "the Plata court order.[1]"

14
Individual suits for injunctive and equitable relief from alleged unconstitutional prison

15
conditions cannot be brought where there is a pending class action suit involving the same

16
subject matter.  McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford,

17
858 F.2d 1101, 1103 (5th Cir. 1988)(en banc).  "Individual members of the class and other

18

19 prisoners may assert any equitable or declaratory claims they have, but they must do so by

20 urging further actions through the class representative and attorney, including contempt

21
proceedings, or by intervention in the class action." Id.  Any asserted requests for injunctive

22

23

24

25

26

27      [1] The Court assumes Plaintiff is referring to the rulings under Plata v. Schwarzenegger, No. C 01-
1351 TEH, a class action concerning medical care in California's prisons.

28

relief are therefore dismissed.  If Plaintiff wants to complain about a perceived failure to comply

with the order in <u>Plata</u>, he may contact the plaintiff's class counsel in <u>Plata.</u>[2]

**D.      Unrelated Claim**

Plaintiff also sets forth an unrelated claim regarding the presence of contaminants in the

drinking water at Kern Valley State Prison.  Federal Rule of Civil Procedure 18(a) provides that:

'a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party

claim, may join, either as independent or alternate claims, as many claims, legal equitable, or

maritime, as the party has against an opposing party.'  Thus multiple claims against a single

party are permissible, but Claim A against Defendant 1 should not be joined with unrelated

Claim B against Defendant 2.  Unrelated claims against different defendants belong in different

suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces,

but also to ensure that prisoners pay the required filing fees.  The Prison Litigation Reform Act

limits to 3 the number of frivolous suits or appeals that any prisoner may file without the

prepayment of the required fees.  28 U.S.C. § 1915(g).  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

Cir. 2007).

All unrelated claims should be brought in separate suits.  Plaintiff is advised that if he

chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will

count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that

Plaintiff may be barred from filing in forma pauperis in the future.

///

---

[2] Counsel for the plaintiff class in <u>Plata</u> is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

### III. Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **September 15, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

8