UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | 1:12-cv-01662-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Docs. 26, 29.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.　　BACKGROUND**

　　Michael J. Sullivan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on June 28, 2012 at the U. S. District Court for the Northern District of California.  (Doc. 1.)  On October 9, 2012, the case was transferred to the Eastern District of California.  (Doc. 6.)

　　On March 7, 2013 and July 15, 2013, Plaintiff filed motions for preliminary injunctive relief, which are now before the court.  (Docs. 26, 29.)

**II.　　PRELIMINARY INJUNCTIVE RELIEF**

　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

"demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Plaintiff's Motions**

Plaintiff requests court orders directing prison officials to reinstate Plaintiff's approved prior medical regimen, arranging for an outside magnetic resonance imaging (MRI) examination of Plaintiff's entire spine, transporting Plaintiff back to spinal specialist Dr. Rambert, installing a HEPA filter in the air handler on the building where Plaintiff is housed, and transferring Plaintiff to a different institution without preexisting toxic health hazards and with appropriate medical facility ratings.

By separate order, the court dismissed Plaintiff's amended complaint for failure to state a claim against any defendant. Plaintiff has been granted leave to file a second amended complaint within thirty days. Thus, at this juncture, the court does not yet have before it an

///

actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Therefore, Plaintiff's motions must be denied.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on March 7, 2013 and July 15, 2013, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2013**              /s/ Gary S. Austin
                                                        UNITED STATES MAGISTRATE JUDGE