UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>      Plaintiff,<br><br>    vs.<br><br>M. D. BITER, et al.,<br><br>      Defendants. | 1:12-cv-01662-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE AUSTIN FROM PARTICIPATION IN THIS CASE<br>(Doc. 39.) |

**I.  BACKGROUND**

Michael J. Sullivan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 28, 2012.  (Doc. 1.)

On March 3, 2014, Plaintiff filed a motion to disqualify Magistrate Judge Gary S. Austin from participation in this case.  (Doc. 39.)

**II.  DISQUALIFICATION OF JUDGE - 28 U.S.C. § 144**

    **A.  <u>Legal Standard</u>**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28

U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (citing Azhocar, 581 F.2d at 738).

The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

    **B.**    **Plaintiff's Motion**

Plaintiff requests a ruling by District Judge Anthony W. Ishii on his motion to disqualify Magistrate Judge Gary S. Austin from participation in this case, under 28 U.S.C. § 455.[1] However, a motion under § 455 is addressed to, and must be decided by, the very judge

---

[1] Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043 (emphasis added). 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify *himself* in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1) (emphasis added).

whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). Because Plaintiff clearly seeks a ruling by the District Judge, the court construes Plaintiff's motion as a motion under 28 U.S.C. § 144, cited above.

Plaintiff argues that Magistrate Judge Gary S. Austin harbors bias and prejudice against Plaintiff and is partial to the Defendants. Plaintiff maintains that Judge Austin totally disregarded Plaintiff's prior motion to disqualify him and instead retaliated against Plaintiff by dismissing the First Amended Complaint and entering findings and recommendations to deny Plaintiff's motions for preliminary injunction and temporary restraining order (TRO). Plaintiff argues that the Magistrate Judge's rulings were contrary to controlling legal authority.[2] Plaintiff also maintains that Judge Austin has refused to hear and resolve his motions for preliminary injunctive relief, therefore becoming an advocate for Defendants, subjecting Plaintiff to pain and bodily harm and denying him medical care. Plaintiff argues that Judge Austin's actions were motivated by bias and prejudice personally against Plaintiff and against pro se litigants in general, and were designed to frustrate and discourage Plaintiff, making it impossible for him to prosecute his lawsuit. Plaintiff argues that Judge Austin forced him to refile his complaint and refile whole new sets of his motions for preliminary injunction and TRO, after the case was transferred from the Northern District. Now Plaintiff is forced to file a third complaint under the threat of barring him from proceeding with this case. Plaintiff contends he has been subject to persecution and discrimination. Plaintiff also argues that his

---

[2] Plaintiff has also filed a motion for reconsideration of the Magistrate Judge's order and the findings and recommendations, which is pending. (Doc. 36.)

motion for appointment of counsel should not have been decided "merely" by a Magistrate Judge. Motion, Doc. 39 at 5:15.

### C. Discussion

Plaintiff's motion for disqualification must be denied. The Magistrate Judge has the authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. As discussed above, a judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification, filed on March 3, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   March 6, 2014                                _____
                                                      SENIOR DISTRICT JUDGE