UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN SULLIVAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | 1:12-cv-01662-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS CHEN, PATEL AND MARCHIANO FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Michael John Sullivan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Second Amended Complaint, which is now before the Court for screening, on February 13, 2015. (ECF No. 57.) The Second Amended Complaint names as defendants Matthew Cates (CDCR Acting Director/Secretary), J. Clark Kelso (CDCR Medical Receiver), Y. Aguila (staff service manager for Medical Receiver), M. Shea (staff service manager for Medical Receiver), M. D. Biter (warden of KVSP), Sherry Lopez (chief medical officer at KVSP), Dr. Chen (doctor at KVSP), Dr. Marchiano (doctor at KVSP), Dr. Patel (doctor at KVSP), Dr. O. Ogun (physician and surgeon responsible for medical appeals), Dr. M. Spaeth (doctor responsible for reviewing

medical appeals); R. Michael Hutchinson (chief executive officer); J. Lewis (Deputy Director of Policy and Risk Management Services); Dr. Lozovoy (physician's assistant at KVSP), and various Jane and John Does.

This Court[1] previously screened Plaintiff's First Amended Complaint and found that it did not state a claim.

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] The previous screening order was issued by Magistrate Judge Gary Austin.

## II. Summary of Second Amended Complaint

Plaintiff generally alleges a denial of medical care in violation of the Eighth Amendment of the U.S. Constitution and denial of due process and equal protection in violation of the Fourteenth Amendment of the U.S. Constitution. He also alleges a violation of the Americans with Disabilities Act.

Plaintiff claims to have preexisting chronic injuries involving his entire spine, neck, back and shoulder. He is in constant pain and experiences muscle spasms. At an earlier time, Plaintiff was involved in effective pain management treatment programs at other prisons. This included pain medication and consultation with a neurosurgeon and spine specialist. He has litigated this issue before and states that it was previously determined that these medical treatments were medically necessary. However, since Plaintiff has arrived at Kern Valley State Prison (KVSP), he has not received the medical care he requires. He alleges that KVSP does not have any kind of pain management program.

Plaintiff also claims that he requires an MRI, CT-scan and x-rays. He was seen by a specialist named Dr. Donald Ramberg, but without his diagnostic films he could not evaluate Plaintiff effectively. Plaintiff also saw Dr. Craig Lovett, an orthopedic surgeon, who ordered new MRIs of Plaintiff spine. But KVSP refused to carry out this diagnostic testing. Plaintiff contends that Defendants have refused to order these tests because of financial and budgetary constraints.

Plaintiff alleges that the failure to obtain treatment may be life threatening. Plaintiff has such a significant spine curvature that it could adversely affect his heart and lungs and cause additional conditions. Plaintiff already has preexisting medical conditions concerning his heart and lungs that may be further aggravated.

Plaintiff has repeatedly submitted sick call requests and filed grievances requesting medical assistance for his chronic injuries.

Plaintiff also alleges that his chronic medical conditions fall within the ambit of the Americans with Disabilities Act (ADA). He alleges that Defendants have violated that Act by refusing to allow him to participate in and receive the benefits of programs and services

including pain management program, access to medically necessary diagnostic testing, treatment by a neurosurgeon and other medical care.

Plaintiff also alleges that a Court in the Northern District of California, the Honorable Thelton E. Henderson, issued a direct order to certain defendants ordering them to provide care, but defendants ignored the orders.

Specifically, Plaintiff alleges that Defendants Chen, Patel and Marchiano, as well as Jane and John Doe defendants, all were primary care physicians at KVSP and were generally responsible for providing adequate medical care, including ordering medications and diagnostic testing as well as referrals for outside specialist care doctors.  Defendants were repeatedly and consistently presented with the medical data and records and "arbitrarily refused to adequately address and effectively provide treatment for Plaintiff's numerous and multiple serious chronic medical conditions and injuries." (ECF No. 57, at p. 14.)  Defendants Chen, Patel, and Marchiano were presented with medical records and doctors' recommendations, but failed to act.

Plaintiff claims that Defendants Cates, Kelso, Lopez, Biter and various Does knew or should have known that KVSP has a custom, policy or practice of denying medical care. Plaintiff then describes systematic deficiencies in staffing, facilities and procedures at KVSP. For example, KVSP does not have a high risk clinic, chronic care clinic, physical therapy, or pain management program.  Plaintiff alleges that Defendants Cates, Kelso, Lopez, Biter and various Does refused to remedy the wide-spread abuses.  They are also responsible for reviewing appeals concerning medical care.

Plaintiff submitted a CDCR medical appeal claiming to be denied adequate medical care and requesting an order of new MRI's of his entire spine; referral to a spinal specialist, Dr. Ramberg, with the results of the new MRIs; reinstatement of treatment ordered by a high risk specialist; and appointment with a primary care physician.  He presented this appeal to Defendants Ogun, Spaeth, Hutchinson, and Lewis but they failed to act.[2]

---

[2] The Court's summary is merely a high level summary and does not include all details in Plaintiff's Second Amended Complaint, which is quite lengthy.

### III. Court's Prior Screening Order

The Court screened a prior version of Plaintiff's complaint and dismissed all claims with leave to amend on September 16, 2013. (ECF No. 30.) The Court reviewed the standards for alleging an Eighth Amendment claim based on inadequate medical treatment.

> Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding his health care, and names individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff may not hold any defendant liable by alleging deficient medical care in general, and then naming individual defendants. Plaintiff must charge each individual defendant with specific conduct that constitutes deliberate indifference.

(ECF No. 30, at p. 4.)

### IV. Deliberate Indifference to Serious Medical Needs

Plaintiff's central complaint appears to be that he did not receive the medical care that he required. Although he casts this in various causes of action (e.g. ADA, Due Process, Equal Protection), the Court believes that the appropriate rubric for evaluating this claim is under the Eighth Amendment's prohibition against deliberate indifference to a prisoner's serious medical needs.

Deliberate indifference to the serious medical needs of an inmate is "cruel and unusual punishment" under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104–06 (1976). To demonstrate deliberate indifference, plaintiffs must show that [prison officials] were (a) subjectively aware of the serious medical need and (b) failed to adequately respond. Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir. 2010), vacated, ––– U.S. –––, 131 S.Ct. 1812, 179 L.Ed.2d 769 (2011), reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011). An inmate challenging denial of treatment must allege that the denial "was medically unacceptable

under the circumstances," and made "in conscious disregard of an excessive risk to [the inmate]'s health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). See also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

### Defendants Chen, Patel, and Marchiano

Drawing all inferences in favor of Plaintiff, the Court finds that Plaintiff has stated a claim for deliberate indifference to serious medical needs as to Defendants Chen, Patel and Marchiano, and only as to those defendants. Plaintiff alleges that Defendants Chen, Patel and Marchiano all were primary care physicians at KVSP and were generally responsible for providing adequate medical care, including ordering medications and diagnostic testing as well as referrals for outside specialist care doctors. Plaintiff alleges that they were repeatedly and consistently presented with the medical data and records and "arbitrarily refused to adequately address and effectively provide treatment for Plaintiff's numerous and multiple serious chronic medical conditions and injuries." (ECF No. 57, at 14.) Thus, Plaintiff has alleged sufficient facts to indicate that Plaintiff had a serious medical need for pain treatment, diagnostic tests, and spinal care, that these three defendants had a duty to provide medical care as primary care physicians at KVSP, failed to treat Plaintiff's condition, and that the failure to treat could result in further injury of wanton infliction of pain. Plaintiff has also alleged sufficient facts to indicate that these doctors' response was deliberately indifferent.

The Court thus recommends that Plaintiff's Eighth Amendment claim go forward as to these defendants. It is worth noting that the Court is only recommending that this part of Plaintiff's complaint go forward in this matter, not that Plaintiff will prevail. Although Plaintiff's complaint has many details and allegations, the specific allegations about these defendants are largely conclusory. Plaintiff does not state what was said or told to them about Plaintiff's condition, what their specific response was, any reasons Defendants may have had for denying medical care, or many other details related to Defendants' specific role in providing or failing to provide Plaintiff with medical care. These are important issues that will be explored and determined in the course of the litigation as more information emerges. The

///

Court only recommends now that Plaintiff's complaint, liberally construed, states a cause of action.

### **Remaining Claims and Defendants**

The Court also recommends dismissing all other claims and defendants. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick, 500 F.3d at 988 (quoting Johnson, 588 F.2d at 743). Although Plaintiff includes allegations against many defendants, it does not appear that the other defendants were directly responsible for providing Plaintiff with medical care in the course of their duties, were presented with medical evidence of a serious medical need, and purposefully and deliberately failed to provide that care.[3] In making this recommendation, the Court is mindful that Plaintiff may not assert liability based on an individual's supervision. As the Court explained in its prior screening order:

> Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

(ECF No. 30, at p. 5.)

The Court is also mindful that it cannot enforce decisions in a separate lawsuit. As the Court explained in its prior screening order:

> In his complaint, Plaintiff refers to a failure to comply with "the Plata court order." Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d

---

[3] Furthermore, Plaintiff added defendants Lozovoy, Lewis, Hutcheson, Spaeth, and Ogun to the Second Amended Complaint for events occurring in 2014, after the original Complaint was filed. Plaintiff may not supplement the complaint with after-occurring events without leave of Court, and Plaintiff has not requested or been granted leave to supplement the complaint. Fed. R. Civ. P. 15(d). Therefore, these defendants may be dismissed on this ground alone.

> 1163, 1165 (10th Cir. 1991); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) (*en banc*). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." <u>Id.</u> Any asserted requests for injunctive relief are therefore dismissed. If Plaintiff wants to complain about a perceived failure to comply with the order in <u>Plata</u>, he may contact the plaintiff's class counsel in <u>Plata</u>.

(ECF No. 30, at 5-6.)

The Court shall also recommend dismissal of Plaintiff's claims under the Americans with Disabilities Act (ADA), because Plaintiff has alleged that he was denied medical care, rather than that he was discriminated against because of his disability. Title II of the ADA provides:

> "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The U.S. Supreme Court has held that State prisons fall squarely within the statutory definition of "public entity." <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 209-10 (1998).

Here, Plaintiff is not alleging that he was denied services, programs and activities based on his disability—rather that he was denied medical care to treat his disabling medical conditions. <u>Compare</u> <u>Pierce v. Cty. of Orange</u>, 526 F.3d 1190, 1217 (9th Cir. 2008) ("The plaintiff class of mobility- and dexterity-impaired pre-trial detainees contends that the County's failure to accommodate their disabilities has prevented them from enjoying a number of the County's services, programs, and activities. They argue that the County has not reasonably addressed various structural barriers, and maintains unreasonable policies and practices in violation of the ADA.").

**V.     Conclusion and Recommendations**

The Court has screened Plaintiff's Second Amended Complaint and finds that it states cognizable claims for relief under section 1983 for violation of the Eighth Amendment based on deliberate indifference to serious medical needs against Defendants Chen, Patel and Marchiano. However, the Court finds that Plaintiff failed to state any other claim against these defendants, and any claim against any of the other defendants. The Court recommends that Plaintiff should not be granted further leave to amend, because Plaintiff was given guidance in

the first screening order and it appears that the claim and defendants listed above are the appropriate claims and actors to address Plaintiff's underlying factual allegations.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against Defendants Chen, Patel and Marchiano for violation of the Eighth Amendment based on deliberate indifference to serious medical needs;

2. All remaining claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 16, 2016**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE