UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>BITER, et al.,<br><br>        Defendant. | **Case No. 1:12-cv-01662-AWI-EPG (PC)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 80) |

On January 6, 2017, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. The mere fact that Plaintiff is unable to locate one of the defendants at this stage in the litigation does not justify the appointment of counsel; Plaintiff will have adequate opportunities to identify any missing defendants later in this litigation. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id*.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **January 10, 2017**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE