# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHEN, *et al.*<br><br>　　　　Defendants. | Case No. 1:12-cv-01662-AWI-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE** |

　　　　Plaintiff Michael J. Sullivan is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed his complaint on June 28, 2012. (ECF No. 1.) The case is currently proceeding on Plaintiff's second amended complaint. On January 3, 2017, the Court set an initial scheduling conference in this case for May 1, 2017. (ECF No. 78.) The parties were informed that appearances at the scheduling conference were mandatory and the parties were instructed to file a scheduling conference statement at least one week before the scheduling conference. The parties were also directed to serve initial disclosures within 30 days.

　　　　Plaintiff did not appear at the initial scheduling conference. Defendants noted that Plaintiff also had yet to serve initial disclosures and had not responded to any discovery requests. Plaintiff did not file a scheduling conference statement. The Court issued an Order to Show Cause why sanctions should not issue and set a hearing for May 15, 2017. (ECF No. 87.)

1

Plaintiff was warned that a failure to respond to the Order to Show Cause could lead to dismissal of his case.¹

Plaintiff did not appear at the hearing on the Order to Show Cause on May 15, 2017, nor did he otherwise respond to the Order to Show Cause.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

---

¹ This was not the first time the Court had issued an Order to Show Cause against Plaintiff; he was previously warned after he failed to submit service documents to the Court as ordered:

> The Court notes that this case has been pending since June 28, 2012 and that much of the delay appears to stem from Plaintiff's actions. After his first amended complaint was dismissed with leave to amend, for example, Plaintiff filed no less than six separate requests for extension of time to prepare the Second Amended Complaint. (ECF Nos. 32, 34, 38, 49, 53, 55.) After the Court issued Findings and Recommendations recommending that the action proceed only against defendants Chen, Patel, and Marchiano, Plaintiff requested three separate extensions of time to file objections. (ECF Nos. 61, 63, 64.) And even after those extensions, Plaintiff required an additional extension of time because he failed to file objections that conformed to the Court's Local Rules. (ECF No. 67.) The case was further delayed after Plaintiff filed an interlocutory appeal of several of the Court's orders, resulting in an order from the Ninth Circuit Court of Appeals summarily affirming the Court's decision. (ECF No. 50.)
>
> While the Court will provide Plaintiff another opportunity to submit the required service documents, Plaintiff is advised that any further attempts to delay this action will be viewed with great disfavor and may result in sanctions, up to and including the dismissal of his case. Plaintiff is further warned that he must review all Court orders carefully; even if Plaintiff is *pro se*, he is not excused from any deadlines or instructions merely because he inadvertently failed to read an order.

(ECF No. 73.)

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"The public's interest in expeditious resolution of litigation always favors dismissal," *id., quoting Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since June 28, 2012. Plaintiff has been instructed to serve initial disclosures and appear to schedule his case, but has not done so. This reflects Plaintiff's lack of interest in prosecuting this case. The Court cannot continue to expend resources on a case that Plaintiff has no interest in litigating. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to participate in this litigation that is causing the delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use because of Plaintiff's *in forma pauperis* status, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. Thus, they would not induce compliance. Plaintiff has also previously been warned that a failure to obey court orders will result in dismissal, satisfying the requirement that the Court consider alternatives. *Ferdik*, 963 F.2d at 1262.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643. This factor alone, however, is not dispositive by itself.

Plaintiff was warned multiple times that a failure to appear or to prosecute this action would result in the dismissal of his action. (ECF Nos. 73, 87.) Accordingly, this case should be dismissed.

Based on the foregoing, the Court RECOMMENDS that:

1. This action be DISMISSED for Plaintiff's failure to comply with the Court's orders issued on January 3, 2017 and May 2, 2017 and for Plaintiff's failure to prosecute this action; and,

2. The Clerk of Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2017**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE