UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>        Defendants. | Case No. 1:12-cv-01662-AWI-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF NO. 87), VACATING FINDINGS AND RECOMMENDATIONS (ECF NO. 88), SETTING INITIAL SCHEDULING CONFERENCE, AND REQUIRING PLAINTIFF TO SERVE DEFENDANTS WITH HIS INITIAL DISCLOSURES AND FILE A SCHEDULING CONFERENCE STATEMENT |

Michael J. Sullivan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

On May 1, 2017, the Court held an initial scheduling conference. (ECF No. 86). Plaintiff failed to appear, failed to serve Defendants with his initial disclosures, and failed to file a scheduling conference statement. (ECF No. 87). Plaintiff also did not respond to any of Defendants' discovery requests. (Id.). Accordingly, the Court issued an order to show cause for failure to appear (id.) and rescheduled the initial scheduling conference (ECF No. 86)). Both the rescheduled conference and the hearing on the order to show cause were set for May 15, 2017.

Plaintiff failed to appear at the conference/hearing on May 15, 2017 or file any document responding to the order to cause.

Accordingly, the Court issued findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute this action. (ECF No. 88). The main reason the Court issued these findings and recommendations

is because Plaintiff failed to appear at the order to show cause hearing on May 15, 2017, and otherwise failed to respond to the order to show cause. (Id. at 1-2).

## II.  PLAINTIFF'S OBJECTIONS TO RECOMMENDATION OF DISMISSAL

On July 24, 2017, Plaintiff objected to the findings and recommendations (ECF No. 94). Plaintiff alleges that he missed the first initial scheduling conference because he was not taken to a phone so that he could participate in the conference. (Id. at 2). As to the rescheduled conference/order to show cause hearing, Plaintiff alleges that he "took the initiative to contact Lt. Rivera Litigation Cordinator [sic] and made sure [he] was taken to a direct dial phone on May 15[,] 2017." (Id.). Plaintiff further alleges that on the day of the hearing, he was taken to a direct dial phone, and Correctional Officer Gallegos (the Litigation Coordinator) dialed the call-in number four times, but was not connected to the call. (Id.) After the fourth try, Officer Gallegos called the Clerk's Office. Officer Gallegos was told not to worry, and that the "conference" would be rescheduled. (Id.). Plaintiff states that he did not respond to the order to show cause in writing because he expected to be able to respond at the hearing. (Id.).

On July 27, 2017, Litigation Coordinator Mary Kimbrell filed a declaration, stating that Plaintiff was made available for the conference on May 15, 2017, and that Officer Gallegos called the number directed by the Court in its May 1, 2017 minutes. (ECF No. 98, pgs. 1-2). However, they kept getting put on hold, and then the call was disconnected. (Id. at 2).

On July 27, 2017, Defendants filed a response to Plaintiff's objections to the findings and recommendations. (ECF No. 96). Defendants argue that the case should be dismissed for failure to prosecute because Plaintiff failed to serve Defendants with his initial disclosures, failed to file a scheduling conference statement, and failed to respond to discovery requests.[1] (Id.). Defendants allege that these delays are prejudicing Defendants.

## III.  ANALYSIS

As discussed above, the main reason the Court issued these findings and

---

[1] It is unclear why Defendants have served discovery requests on Plaintiff. Discovery has not yet been opened in this case.

recommendations is because Plaintiff failed to appear at the order to show cause hearing on May 15, 2017, and otherwise failed to respond to the order to show cause. The order to show cause was issued in large part because Plaintiff failed to appear at the first initial scheduling conference. (ECF No. 87).

Plaintiff has now explained why he failed to appear at the first initial scheduling conference, as well as the rescheduled conference/order to show cause hearing. Additionally, Plaintiff has stated that he did not respond to the order to show cause because he was going to respond at the hearing. The Court notes that it has not had this issue with its call-in number before, and moreover Plaintiff should have filed a document with the Court in response to the order to show cause under the circumstances. Nevertheless, given the extreme sanction of dismissal, the Court will discharge the order to show cause and vacate its findings and recommendations.

As to Defendants' argument that the delay in the prosecution of this case is prejudicial, the Court notes that Defendants' counsel was allegedly notified of Plaintiff's attempt to attend the May 15, 2017 conference/hearing on May 15, 2017. (ECF No. 98, p. 2). Defendants could have avoided delays had they brought this information to the Court's attention so that the Court could have reset the hearing/conference, but they did not do so. Moreover, discovery has not yet opening in this case so Plaintiff's failure to respond to discovery is excused.

That said, the Court is troubled by Plaintiff's failure to serve initial disclosures and a conference statement as ordered by the Court on January 3, 2017. (ECF No. 78) Plaintiff must comply with this order if he wishes to proceed with this case.

**IV. CONCLUSION**

The Court will discharge the order to show cause, vacate its findings and recommendations, set another initial scheduling conference, and require Plaintiff to serve Defendants with his initial disclosures and file a scheduling conference statement.

Accordingly, based on the foregoing, IT IS ORDERED THAT:

1. The order to show cause entered on May 2, 2017 (ECF No. 87), is DISCHARGED;

2. The Court's findings and recommendations issued on May 15, 2017 (ECF No. 88), are VACATED;

3. An initial scheduling conference is set before Magistrate Judge Erica P. Grosjean on September 27, 2017, at 10:30 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721 in Courtroom #10;

4. Plaintiff must appear telephonically. Defendants' counsel may either appear in person or telephonically. To appear telephonically, the parties are directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453;

5. Counsel for Defendants is required to arrange for the participation of Plaintiff in the conference;

6. Within thirty (30) days from the date of service of this order, Plaintiff must serve Defendants with his initial disclosures;

7. At least two weeks in advance of the initial scheduling conference, Plaintiff shall file a scheduling conference statement;

8. The clerks' office is directed to serve the Plaintiff with a copy of ECF Number 78, which provides the requirements for initial disclosures and an initial scheduling conference statement; and

9. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated: __**August 1, 2017**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE