# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEN, *et al.*,<br><br>    Defendants. | Case No. 1:12-cv-1662-AWI-EPG<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED**<br><br>(ECF No. 97)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff, Michael J. Sullivan ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on February 13, 2015, on Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Chen, Patel, and Marchiano.[1] (ECF No. 57.)

On July 27, 2017, Plaintiff filed a motion for a preliminary injunction ("the Motion"). (ECF No. 97). Plaintiff asks for an order requiring his institution to provide pain medication in the form of morphine as was previously approved by medical staff and the prison appeals.

---

[1] Defendant Marchiano has not been located for service, and has not yet appeared in this case.

1

Additionally, Plaintiff requests a transfer to a high risk rated prison where drinking water is not polluted with arsenic and other toxic chemicals or substances.[2]

Defendants respond that "Dr. Chen and Dr. Patel are not Plaintiff's treating doctors. Dr. Chen and Patel have no ability or authority to require doctors at different prisons to provide a particular type of treatment that an inmate requests. Nor do the doctors have the ability to transfer Plaintiff to a different facility." (ECF No. 104)

The Court and the parties discussed this motion at the Initial Scheduling Conference on December 11, 2017. Plaintiff conceded that Defendants are not in charge of his current medication, and do not work at his institution. The parties discussed the possibility of Plaintiff amending his complaint to add defendants in charge of his current medical care.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

---

[2] Plaintiff also requests provision of an MRI of his spine and an appointment with a spine specialist, but the prison has now fulfilled these requests.

Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court recommends denying Plaintiff's motion for preliminary injunction because Defendants have no role in Plaintiff's current medical care. The Court does not reach the issue of Plaintiff's likelihood of success on the merits at this time.[3]

Accordingly, **IT IS HEREBY RECOMMENDED** that the Motion for Preliminary Injunction, (ECF No. 97), be DENIED.

These Findings and Recommendations will be submitted to the United States district court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 11, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent Plaintiff amends his complaint to assert a cognizable claim against a person currently in charge of his medical care, he may renew this motion.

3