# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>   Plaintiff,<br><br> v.<br><br>CHEN, *et al.*,<br><br>   Defendants. | 1:12-cv-01662-AWI-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED**<br><br>(ECF No. 101) |

Plaintiff, Michael J. Sullivan ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on February 13, 2015, on Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Chen, Patel, and Marchiano.[1] (ECF No. 57.)

---

[1] Defendant Marchiano has not been located for service, and has not yet appeared in this case.

1

On September 8, 2017, Defendants filed a Motion to Dismiss as a Sanction. (ECF No. 101). Defendants argue that Plaintiff's initial disclosures failed to "identify any witnesses or documents supporting his claims," as required by this Court's order requiring initial disclosures. (ECF No. 78) Defendants argue "[i]t is clear that Plaintiff has no evidence to support his claims. Neither the Court nor Defendants should be forced to breathe life into this matter when Plaintiff shows no interest in pursuing his claims."

After several continuances, the Court held an initial scheduling conference on December 11, 2017. The Court and parties addressed Plaintiff's initial disclosures. The Court ordered Plaintiff to supplement his initial disclosures to identify witnesses supporting his claims within 30 days, and to supplement that list to the extent he learns additional witnesses through discovery.

As for Defendant's second issue, the Court disagrees that Plaintiff's initial disclosures fail to sufficiently identify documents. Plaintiff's initial disclosures contain two pages identifying seven categories of documents, including "KVSP Policy and Procedures and training guidelines and actual training received by Defendants in regards to proper treatment and standard of care for treating chronic ortho injuries and disabilities and the treatment of severe debilitating pain." (ECF No. 100, at p. 8-9). This description satisfies the requirement for identification of categories of documents in the Court's initial disclosures order. (ECF No. 78, p. 2).

Defendant's motion also argues that Plaintiff's initial disclosures fail to include a computation of damages. However, the Court's order did not require such a computation of damages, and Rule 26's initial disclosures requirement does not apply to this action. Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting "an action brought without an attorney by a person in the custody of . . . a state").

Defendant's argument thus amounts to a request to dismiss Plaintiff's case in full solely on the basis that Plaintiff's initial disclosures did not sufficiently identify witnesses. The Court has now ordered Plaintiff to supplement those disclosures to identify witnesses. Moreover,

Plaintiff's complaint identified relevant witnesses, including the Defendants by name. Notably, Defendants do not cite to any cases in their motion, not to mention any case authorizing dismissal under similar circumstances.

Ultimately, the Court does not believe Plaintiff's omission justifies dismissing the case in full. Indeed, the Court views Defendants' motion to dismiss to be unwarranted, if not frivolous.

**CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss as a Sanction, (ECF 101), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

IT IS SO ORDERED.

Dated: **December 11, 2017**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE