# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>       Plaintiff,<br><br>  v.<br><br>CHEN, *et al.*,<br><br>       Defendants. | Case No. 1:12-cv-1662 AWI EPG (PC)<br><br>**DISCOVERY ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE** |

Michael J. Sullivan. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 11, 2017, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Catherine Woodbridge telephonically appeared on behalf of Defendants.

During the Conference, and with the benefit of scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There

1

that:

1. Each party has until January 12, 2018, to:

    a. Provide the opposing party with copies of all documents currently in their possession related to any administrative grievances dated from 2010 until the present concerning Plaintiff's medical care at Kern Valley State Prison; and

    b. Provide the opposing party with copies of all documents in their possession related to Plaintiff's medical file, care, or medication.[4]

---

is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

[4] At the scheduling conference, Defendants argued that they should not be compelled to provide Plaintiff with the medical records Defendants have obtained via third party subpoena unless Plaintiff pays for copy costs. In light of Plaintiff's *in forma pauperis* status, such a requirement could very well mean that Plaintiff would not obtain his own medical records in his case, while Defendants have and may use them in their defense. The Federal Rules do not specify who pays for copy costs where a party has obtained documents via third party subpoena. When responding to discovery responses generally, the Supreme Court has referred to the practice where a responding party bears their own costs of production, subject to court order shifting costs. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358 (1978) ("Once again, a rough analogy might usefully be drawn to practice under the discovery rules. Under those rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery."). Based on this Court's review of case law, it appears that courts allocate such costs among the parties on a case by case basis in their discretion. In this circumstance, the Court will require Defendants to provide copies of the medical documents they obtained through third party subpoena without Plaintiff paying the copy costs.

2. Additionally, if the parties obtain additional documents falling within these categories, they shall supplement their production promptly following such search. Parties do not have to re-produce documents they have already produced;[5]
3. If either party has an objection to providing these documents to the opposing party, that party shall inform the opposing party that he or she is making the objection and include a privilege log of any documents withheld on the basis of privilege, and otherwise follow the procedures set forth in the Court's scheduling order;
4. An objection or privilege assertion can be challenged by filing a motion to compel.

IT IS SO ORDERED.

Dated: **December 12, 2017**        /s/ *Erin P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[5] This order does not require either party to perform a search for additional documents in their custody or control, but not within the parties' possession, at this time. If either party obtains such documents in the future, they shall produce them to the other party. This order does not limit the scope of any discovery requests, which may impose an obligation to perform such a reasonable search for additional documents.