**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL J. SULLIVAN, | Case No. 1:12-cv-01662-AWI-EPG (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANT MARCHIANO BE DISMISSED** |
| v. | |
| CHEN, *et al*., | **TWENTY-ONE (21) DAY DEADLINE** |
| Defendants. | |

Michael J. Sullivan ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF Nos. 9, 19). This case now proceeds on Plaintiff's Second Amended Complaint against Dr. Chen, Dr. Patel, and Dr. Marchiano on claims of deliberate indifference to medical needs in violation of the Eighth Amendment. (ECF No. 57).

On August 16, 2016, the Court entered an Order finding service of process appropriate for Dr. Chen, Dr. Marchiano, and Dr. Patel. (ECF No. 70). On November 7, 2016, the Court directed service of process upon Dr. Marchiano by the United States Marshals. (ECF No. 75). On November 15, 2016, the Court received notice that service was returned unexecuted as to Dr. Marchiano. (ECF No. 76). The notice provided that the California Department of Corrections and Rehabilitation was unable to identify Dr. Marchiano. *Id.*

On January 6, 2017, Plaintiff moved for the appointment of counsel to assist in locating

1

Dr. Marchiano, (ECF No. 80), which the Court denied, (ECF No. 81).

On December 11, 2017, the Court held a scheduling conference. (ECF No. 112). The Court discussed that Dr. Marchiano has not been served, and directed Plaintiff to file with the Court a request for a third-party subpoena *duces tecum*, requesting all documents regarding Dr. Marchiano's current mailing address. *Id.*

Plaintiff has taken no further action in connection with the notification concerning Dr. Marchiano.

Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "Although a plaintiff . . . proceeding *in forma pauperis* may rely on service by the Marshal, the plaintiff may not remain silent and do nothing to effectuate such service; rather, at a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which he has knowledge." *Harbridge v. Hall, Lee, & Tucker*, No. 110-CV-00473-DAD-JLT, 2017 WL 1821282, at *2 (E.D. Cal. May 5, 2017) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) (internal quotations marks and alterations omitted).

The return of service filed by the Marshal on November 15, 2016, indicates that the Marshal attempted to serve process upon Dr. Marchiano. (ECF No. 76). In addition, the Marshal certified that it was unable to locate the unserved defendants. *Id.* It has now been more than a

year since the Court directed service of process upon Dr. Marchiano, and Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of process. Plaintiff, thus, has failed to serve Dr. Marchiano within the period required by Federal Rule of Civil Procedure 4(m).

Accordingly, the Court hereby RECOMMENDS that Dr. Marchiano be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 5, 2018**          /s/ *Erica P. Grosj*
                          UNITED STATES MAGISTRATE JUDGE