UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHEN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:12-cv-01662-AWI-EPG (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 129) |

Michael J. Sullivan ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF Nos. 9, 19). This case now proceeds on Plaintiff's Second Amended Complaint against Dr. Chen, Dr. Patel, and Dr. Marchiano on claims of deliberate indifference to medical needs in violation of the Eighth Amendment. (ECF No. 57).

On April 9, 2018, Plaintiff filed a motion for the appointment of counsel. (ECF No. 129). Plaintiff states that he was transferred to a mental health crisis bed because of a suicide attempt. He further states that he is now housed in an enhanced outpatient status, which is synonymous with mental incompetence. Plaintiff contends that he unraveled and snapped due to the denial of medical care and necessary medicine.

Plaintiff does not have a constitutional right to an appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for*

1

*the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id*. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time, the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, plaintiff has been able to adequately articulate his claims throughout the six years this action has been pending.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

Alternatively, Plaintiff may refile this motion immediately, but must include additional facts and evidence related to his mental health issues.  While Plaintiff claims to have mental health issues that prevent him from prosecuting this case, he has provided no evidence of these allegations.  He has also not explained how his mental health issues affect his ability to prosecute this case.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**April 10, 2018**__   /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE