# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHEN, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01662-AWI-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS CHEN AND PATEL BE GRANTED AND DEFENDANTS' MOTION TO COMPEL BE DENIED AS MOOT**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>(ECF No. 118, 119, 123) |

Plaintiff, Michael J. Sullivan, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma* pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The action is proceeding on Plaintiff's Second Amended Complaint ("SAC") (ECF No. 57) against Dr. Chen, Dr. Patel, and Dr. Marchiano for claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment (ECF Nos. 60, 69). Before the Court is a Motion for Summary Judgment (ECF No. 119, 123) filed by Defendants Dr. Chen and Dr. Patel ("Defendants").[1] Defendants seek summary judgment on the issue of exhaustion.

Also before the Court is Defendants' Motion to Compel (ECF No. 118) in which

---

[1] Dr. Marchiano has not yet entered an appearance in the case and is thus not part of the motion for summary judgment.

1

Defendants seek to compel Plaintiff to respond to their discovery requests.

After consideration of all the materials presented, the Court recommends that the motion for summary judgment be granted, and that the motion to compel be denied as moot.[2] The Court finds that Plaintiff's claims were not exhausted prior to filing this lawsuit. Although Plaintiff did complete the exhaustion process and thereafter file an amended complaint (the SAC), that amended complaint does not allege new claims but instead alleges continuation of the same general claims included in Plaintiff's initial complaint. Under the law, the Court must dismiss a case that is filed before Plaintiff has exhausted administrative remedies, but without prejudice to Plaintiff filing a new action in which he brings his exhausted claims.[3]

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* (*"Albino II"*), 747 F.3d 1162, 1172 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

---

[2] The granting of summary judgment will render Defendants' motion to compel (ECF No. 118) moot. Therefore, if summary judgment is granted, the Court also recommends that the motion to compel be denied as moot.

[3] As discussed below, and while the issue is not squarely before this Court, this Court would recommend to the next court that equitable tolling apply during the pendency of this case to allow Plaintiff to pursue his claims in a separate action notwithstanding the statute of limitations.

If a party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

"Once the moving party meets its initial burden, the non-moving party must 'go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.''" *Burch v. Regents of Univ. of Cal.*, 433 F.Supp.2d 1110, 1125 (E.D. Cal. 2006) (quoting *Celotex*, 477 U.S. at 324). "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). The Court needs only to draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n.2 (citation omitted).

**II.    FACTUAL ALLEGATIONS OF SECOND AMENDED COMPLAINT**

In his SAC (ECF No. 57), which Plaintiff signed under penalty of perjury, Plaintiff alleges that he has preexisting chronic injuries involving his entire spine, neck, back, and shoulder, and that he is in constant pain and experiences muscle spasms. Plaintiff alleges that, prior to being transferred to Kern Valley State Prison ("KVSP"), he had been involved in effective pain management treatment programs at other prisons, and that these programs included pain

medication and consultation with a neurosurgeon and spine specialist. He alleges that he previously litigated issues regarding treatment of his medical conditions and it was determined that the treatments he was receiving at the previous prison are medically necessary. However, since Plaintiff arrived at KVSP he has not received the medical care he requires. He further alleges that KVSP does not have any kind of pain management program.

Plaintiff alleges that he requires an MRI, CT-scan, and x-rays. He alleges that he was seen by a specialist named Dr. Donald Ramberg, but without the required diagnostic films, Dr. Ramberg could not effectively evaluate Plaintiff. Plaintiff also saw Dr. Craig Lovett, an orthopedic surgeon, who ordered new MRIs of Plaintiff's spine. Plaintiff alleges that Defendants have refused to order these diagnostic tests because of financial and budgetary constraints.

Plaintiff alleges that the failure to receive the needed medical treatments may be life threatening. Plaintiff has such a significant spine curvature that it could adversely affect his heart and lungs and cause additional conditions. Plaintiff already has preexisting medical conditions concerning his heart and lungs that may be further aggravated. Plaintiff alleges that he has repeatedly submitted sick call requests and filed grievances requesting medical assistance for his chronic injuries.

Plaintiff alleges that Defendants Chen and Patel were primary care physicians at KVSP and were generally responsible for providing adequate medical care, including ordering medications and diagnostic testing as well as referrals for outside specialist care doctors. Defendants were repeatedly and consistently presented with the medical data and records and "arbitrarily refused to adequately address and effectively provide treatment for Plaintiff's numerous and multiple serious chronic medical conditions and injuries." (ECF No. 57 at 14.) Plaintiff alleges that Defendants were presented with medical records and doctors' recommendations demonstrating that Plaintiff needed the requested treatments, but failed to act.

**III.    DISCUSSION**

Defendants seek summary judgment based solely on grounds of exhaustion. They contend that Plaintiff has failed to exhaust his administrative remedies before filing this case and that his claims are accordingly barred in this lawsuit.

A. Exhaustion Requirement

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The California prison grievance system has three levels of review; a prisoner exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)); *see also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies. . . ."). Prisoners must submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

Prisoners are required to exhaust the available administrative remedies *prior to* filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). If, however, a plaintiff files an amended complaint adding *new* claims, the plaintiff may proceed on the new claims if those claims were fully exhausted before tendering the amended complaint for filing. *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010). As long as those new claims are fully exhausted at the time the amended complaint is filed, it does not matter whether the new claims arose before or after the date on which the initial complaint was filed; the claims can proceed as long as they are *new* claims that were not alleged in the initial complaint, and are fully exhausted prior to the filing of the amended complaint. *See Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (allowing amended complaint to proceed on new claims that arose prior to the date on which the initial complaint was filed); *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (allowing amended complaint alleging new claims that arose after the initial complaint was filed).

The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *see Ross v. Blake*, 136 S. Ct. 1850, 1857, 1859 (2016).

On a motion for summary judgment for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. If a court concludes a plaintiff has failed to exhaust as to some claims but not others, the proper remedy is dismissal of only those claims barred by § 1997e(a). *Jones*, 549 U.S. at 223–24.

B. Analysis

Defendants contend that at the time the initial complaint was filed (August 17, 2012), Plaintiff had not exhausted his administrative remedies and that, accordingly, Plaintiff's claims against Defendants are barred in this lawsuit. (ECF No. 123 at 5, 8.) (Note that Defendants do not claim that Plaintiff is barred from filing a new lawsuit based on the same claims, to the extent those claims have now been exhausted).

Defendants have submitted the declaration of S. Gates, an employee of the California Correctional Health Care Services (CCHCS), as evidence that Plaintiff failed to exhaust. S. Gates is chief of the Health Care Correspondence and Appeals Branch ("HCCAB") at CCHCS, which is responsible for providing oversight to administrative health care appeals/grievances relating to medical, dental, and mental health care services for inmates in California's correctional institutions. (ECF No. 124 at 11-15.)

S. Gates declares that a review of the Health Care Appeals and Risk Tracking System ("HCARTS")[4] database was conducted for health care appeal grievance records for Plaintiff, and has provided the history printout from that review, which is attached to her declaration as Exhibit 1. Based on her review of that history printout, S. Gates concludes that there are no health care/appeal grievances that were exhausted at the third level of review prior to August 17, 2012 (the date of Plaintiff's initial complaint in this case), regarding the medical care Plaintiff received while incarcerated at KVSP, regarding Dr. Patel, or regarding Dr. Chen. (ECF No. 124 at 13-14.) Defendants argue that this evidence demonstrates that Plaintiff did not exhaust his claims against Dr. Chen and Dr. Patel before filing this case and that the claims are therefore barred in this lawsuit. (ECF No. 123 at 8.)

Plaintiff opposes summary judgment. He contends that Defendants' lack of exhaustion claim is ridiculous, "outrageous and untrue" because he has exhausted his administrative remedies on the claims "so many times in the past, I can't even remember or count them all." (ECF No. 136 at 2.)[5] Plaintiff cites to various instances where he contends he exhausted his administrative appeals prior to filing the original complaint (*see* ECF No. 136 at 2-3), but has not provided copies of the paperwork from those appeals, or any other evidence, instead contending that perhaps Defendants have not provided Plaintiff with complete discovery for all previous appeals (*id.* at 4).

Further, based on the grievance numbers provided by Plaintiff, the date on which Plaintiff began his incarceration at KVSP (October 13, 2010), and the HCARTS printout provided by Defendants, the grievances he cites that pre-date the filing of Plaintiff's initial complaint were initiated at the previous institutions of incarceration and not at KVSP. For example, Plaintiff cites to SVSP-A-08-00233 (*see* ECF No. 136 at 2), but the grievance with institution log

---

[4] HCARTS is a computer database used to track all levels of health care appeals/grievances processed by the correctional institutions at the first, second, and institutional level of review, as well as those processed by the HCCAB and adjudicated at CCHCS Headquarters, as well as health care appeals/grievances that were received and ultimately rejected. (ECF No. 124 at 12.)

[5] Plaintiff also contends that Defendants have conceded through admissions made in their Answer that Plaintiff has exhausted his administrative remedies. (ECF No. 136 at 2.) The Court has reviewed Defendants' Answer and finds that, contrary to conceding exhaustion, Defendants asserted lack of exhaustion as an affirmative defense. (*See* ECF No. 77 at 3, Affirmative Defense No. 6.)

7

SVSP-A-08-0233 was resolved in 2008, with the grievance granted at both the first and second level (*see* ECF No. 124 at 28). Similarly, Plaintiff cites to CCI-03-09-13784 (*see* ECF No. 136 at 2), but the grievance with institutional log number CCI-03-09-13784 was partially granted at the first and second level, and denied at the third level on April 15, 2010 (*see* ECF No. 124 at 24). These grievances, which were filed and resolved prior to Plaintiff's incarceration at KVSP, do not demonstrate that Plaintiff exhausted his claims against Defendants in the SAC, which are based on Defendants' conduct during Plaintiff's incarceration at KVSP.

Plaintiff contends, however, that he has nonetheless "fully exhausted the issues that are the subject of this instant lawsuit in 3rd level appeal decision dated June 16, 2014, Case No. KVSP-HC-14034880." (ECF No. 136 at 4.) In this medical appeal, Plaintiff claimed he was being denied adequate medical care and requested that new MRIs of his entire spine be ordered; that he be referred to a spinal specialist, Dr. Ramberg, with the results of the new MRIs; that treatment ordered by a high-risk specialist be reinstated; and that he be provided an appointment with a primary care physician. (ECF No. 57 at 21-22, 31-41; ECF No. 124 at 19.) Plaintiff appealed these claims through the third level, and the third level appeal was denied on June 16, 2014. (ECF No. 57 at 35-41; ECF No. 124 at 19.)

Plaintiff's claims in this medical appeal closely mirror the claims in the SAC against Defendants (*see* ECF No. 57 at 9-10, 16) and demonstrate that at least some of the claims in the SAC against Defendants related to CDCR medical appeal KVSP HC 14034880 were fully exhausted when Plaintiff filed the SAC.

Plaintiff recognizes that his original complaint was filed in August 2012, prior to the exhaustion of these claims, but contends that the controlling complaint—the SAC, filed on February 13, 2015—supersedes the original complaint and "as such Defendant[s'] claim of non-exhaustion is completely without merit." (*Id.*) In support of his argument, Plaintiff cites to *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010).

In *Rhodes*, the Ninth Circuit held that new claims contained in an amended complaint are considered to be "brought" under the PLRA at the time the amended complaint is tendered for filing. *Id.* at 1005, 1007 ("The PLRA's exhaustion requirement is satisfied so long as [the

plaintiff] exhausted his administrative remedies with respect to the new claims asserted in his SAC before he tendered that complaint to the court for filing."). "'The filing of the amended complaint was the functional equivalent of filing a new complaint . . . and it was only at that time that it became necessary to have exhausted all of the administrative remedies' prerequisite to bringing the new claims in the amended complaint." *Id.* at 1006 (quoting *Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005)). Following *Rhodes*, the Ninth Circuit has clarified that as long as the new claims are fully exhausted at the time the amended complaint is filed, it does not matter whether the new claims arose before or after the date on which the initial complaint was filed; the claims can proceed as long as they are *new* claims that were not alleged in the initial complaint, and are fully exhausted prior to the filing of the amended complaint. *See Cano v. Taylor*, 739 F.3d at 1220-21 (9th Cir. 2014) ("claims that arose as a cause of action prior to the filing of the initial complaint may be added to a complaint via an amendment, as long as they are administratively exhausted prior to the amendment"); *Akhtar*, 698 F.3d at 1210 (allowing amended complaint alleging new claims that arose after the initial complaint was filed).

Here, although any unexhausted claims included in Plaintiff's initial complaint are barred, the critical question is whether Plaintiff added *new* claims in his SAC that were fully exhausted at the time the SAC was filed. *See Cano*, 739 F.3d at 1220-21; *Rhodes,* 621 F.3d at 1006-07.

Defendants contend that Plaintiff does not allege claims against Dr. Chen and Dr. Patel in the SAC beyond those that were alleged in the original complaint. (ECF No. 137 at 4.) The Court agrees.

A review of Plaintiff's initial complaint and the SAC reveals that Plaintiff is alleging that Defendants are engaging in ongoing conduct of deliberate indifference to his serious medical needs by denying him the treatment he seeks. In both complaints, Plaintiff alleges that Defendants have (1) refused to address and effectively treat Plaintiff's medical conditions and disabilities in his right shoulder, left foot, entire spine, neck, and back since his arrival at KVSP; (2) failed to adequately address pain management and provide medical treatment necessary for his medical conditions and disabilities; (3) failed to comply with previous CDCR appeal decisions SVSP-08-0233, CCI-03-09-13784, and OTLA Case No. 51-10-11740; (4) made

decisions based on financial and budgetary restraints rather than based on medical necessity; (5) refused to order necessary diagnostic tests including MRI, CT scan, and/or x-ray films; (6) sent Plaintiff to see Dr. Ramberg without the necessary diagnostic tests; and (7) refused to send plaintiff back to or make a referral to a specialist (neuro-spinal surgeon and/or orthopedic specialist). (*Compare* ECF No. 9[6] with ECF No. 57[7].)

---

[6] In his initial complaint (ECF No. 9), Plaintiff alleges that Defendants

> have refused to address and effectively treat Plaintiff's serious chronic medical conditions and disabilities—with right shoulder—left foot, and entire spine, neck, and back at multiple levels—and which have severe and extreme pain as symptoms—since Plaintiff's arrival at KVSP on Oct of 2010. He has repeatedly attempted to get the Doctor's/Defendants to adequately address these injuries and pain management issues—this prison does not even have a pain management clinic or program in existence.
>
> Said defendants have consistently denied Plaintiff necessary medications that have been previously ordered by outside specialist and have interfered with treatment and medicine once provided—said Doctors/Defendants have additionally refused to follow or adhere to two previous 602 appeals decisions, Log # SVSP-08-0233; and # C.C.I.-03-09-13784; OTLA Case No. 51-10-11740. . . . Said Doctors/Defendants have intentionally, sadistically and maliciously denied, withheld medically necessary medications, knowing that Plaintiff would be in severe and excruciating pain and have instead prescribed large doses of Tylenol and Ibuprofen and other ineffective medicine. . . .
>
> . . . .
>
> Defendants [are] . . . intentionally making medical decisions based on a consideration of financial and budgetary constraints and are not rendering their medical decisions based solely on "medical necessity."
>
> . . . .
>
> Also, Doctors/Defendants have blocked or refused to order medically necessary diagnostic testing like MRI, CT scan, and other necessary tests, and have blocked or refused to order referrals for outside consults with medically necessary specialists. . . . [Plaintiff] was sent to see Dr. Ramberg but was transported without MRI or CT scan, x-ray films and was supposed to go back for follow up appointment with the said diagnostic imaging films, so an effective assessment and treatment plant could be rendered. But prison doctors refuse to send plaintiff back or to make a referral.

(ECF No. 9 at 4-7.)

[7] In his SAC, Plaintiff alleges:

> Since Plaintiff's arrival at KVSP in Oct 10 2010, prison officials and medical staff have all refused to enforce, follow or adhere to their CDCR appeal decisions [including SVSP-08-0233, CCI-03-09-13784, OTLA Case No. 51-10-11740, determining that the requested medical treatment is medically necessary] . . . and arbitrarily refuse to provide necessary medical care to Plaintiff for his serious medical conditions, injuries and disabilities.
> . . . .
>
> Said Defendants [including Chen and Patel] were repeatedly and consistently presented with the same above CDCR appeal decisions and the numerous and substantial medical data and records . . . but arbitrarily refused to adequately address and effectively provide treatment for Plaintiff's numerous and multiple serious chronic medical conditions and injuries. . . .

Thus, although Plaintiff has now fully exhausted his claims associated with CDCR medical appeal KVSP HC 14034880, those claims are merely a continuation of the conduct that underlies the claims Plaintiff brought in his initial complaint. Accordingly, these claims are not *new* claims as to Defendants Chen and Patel, but are instead alleging a continuing violation by Defendants of Plaintiff's Eighth Amendment rights as alleged in the initial complaint. Further, because the claims against Defendants Chen and Patel were not fully exhausted at the time the initial complaint was filed, the claims must be dismissed in this action.

This dismissal should, however, be without prejudice, leaving Plaintiff free to file a new, separate action in which he brings the now fully exhausted claims that relate to CDCR medical appeal KVSP HC 14034880. The Court sympathizes with Plaintiff to the extent that Plaintiff is required to file a new case when this case has been pending so long. The Court is hopeful that, if Plaintiff files a new case, he has the benefit of this Court's screening orders and other work done in this case to move forward efficiently in a new case. Furthermore, although it appears that any new case would be filed outside the applicable statute of limitations, it is very possible

---

Defendants . . . were additionally on numerous [occasions] repeatedly presented with objective medical records and specific orders and recommendation s from specialist doctors for new MRIs to be performed on Plaintiff's entire spine, right shoulder, and to be taken or sent back with said films to neuro-spinal surgeon and orthopedic specialist for consults, examination and evaluations so that a treatment plan could be adequately and effectively assessed and then rendered. . . .

. . . .

Plaintiff filed and submitted a CDCR medical appeal Log # KVSP-HC-14034880 claiming he was being denied necessary medical care and that medical staff at KVSP repeatedly and consistently refuse to adequately address and effectively treat Plaintiff's numerous and substantial serious medical conditions and specifically requested:
    (A) to order MRI's of entire spine
    (B) Refer Back to Spinal Specialist- Neuro Surgeon Dr. Ramberg with new M.R.I. films from spine
    (C) to Reinstate treatment ordered by high risk specialist and deemed medically necessary by CDCR appeal No. SVSP-A-08-00233
    (D) to be seen by a competent primary care physician who will objectively and adequately address and effectively treat Plaintiff's serious medical conditions.

. . . .

On Jan. 3, 2014, Plaintiff was seen and examined by Dr. Lozovoy, and presented him with previously granted CDCR appeal decisions where treatment was found to be medically necessary and ordered reinstated [and medical records] and other orders and reports from specialist doctors and requested Dr. Lozovoy provide the above referred to treatment in (A)-(C) above. However, he refused to act affirmatively and outright refused to provide any medical care.

(ECF No. 57 at 3, 9- 10, 16.)

that equitable tolling would apply.[8]

Thus, the Court's recommendation of dismissal in this case for failure to exhaust prior to filing this lawsuit does not prevent Plaintiff from immediately refiling in a new and separate action his claims related to CDCR medical appeal KVSP HC 14034880, and requesting application of the doctrine of equitable tolling for the time during which he was administratively exhausting his claims and during the time his claims were pending in this action.

### IV.    CONCLUSION AND RECOMMENDATIONS

Plaintiff's claims against Defendants were not fully exhausted before the initial complaint was filed. Although the claims in the SAC that are related to CDCR medical appeal KVSP HC 14034880 were fully exhausted prior to Plaintiff's filing of the SAC, these claims are not ***new*** claims and, accordingly, do not fall within the new claim exception of *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010). The claims against Defendants in the SAC should therefore be dismissed without prejudice for failure to exhaust prior to filing the claims. Further, if the claims against Defendants are dismissed, Defendants' motion to compel is rendered moot and should be denied.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED

1. That the motion for summary judgment filed by Defendants Dr. Chen and Dr. Patel (ECF No. 119, 123) be GRANTED, and the claims against Defendants Dr. Chen and Dr. Patel be DISMISSED without prejudice.

2. That the motion to compel filed by Defendants Dr. Chen and Dr. Patel (ECF No. 118)

---

[8] The Court notes that this case has been pending before it for six years, including for the four years since Plaintiff fully exhausted his administrative remedies for claims related to CDCR medical appeal KVSP HC 14034880. Although the Ninth Circuit has not yet addressed the issue, the Fifth Circuit has held that, under such circumstances, the statute of limitations is equitably tolled during the time the prisoner's initial § 1983 action was pending in federal court. *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002); *see Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (same); *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1167-68 (D. Nev. 2004) (holding that the statute of limitations was tolled for the time during which the plaintiff's prior action was pending before the federal district court) (citing *Clifford*, 298 F.3d 328); *see also Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (Ct. App. 1983) (setting out three-part test for invocation of California's equitable tolling doctrine); *Jones v. Blanas,* 393 F.3d 918, 928 (9th Cir. 2004) ("Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.'") (quoting *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003)).

be DENIED as moot.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) day**s after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 7, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE